UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BULLSEYE RESTAURANT, INC., d/b/a THE      Civil Action No.:
SCENE and DANIEL BRENNAN      17cv2996(DRH)(GRB)

                            Plaintiff,      *Affidavit of*
                                      *Greg Hawbaker*
     -against-

JAMES RIVER INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------------------------X

State of Virginia      )
                        : ss.
City of Richmond    )

     Greg Hawbaker, being duly sworn, deposes and says:

     1.      I am employed as a Claims Specialist for Defendant JAMES RIVER INSURANCE COMPANY ("James River"). By virtue of my position, I have access to James River's files and, as such, I am familiar with the facts and circumstances surrounding this action.

     2.      James River is an excess and surplus lines insurance carrier, who issues policies to those New York applicants who are unable to obtain insurance from admitted New York insurers.

     3.      I submit this affidavit in support of James River's motion for summary judgment against Plaintiffs BULLSEYE RESTAURANT, INC., d/b/a THE SCENE (hereinafter "Bullseye") and DANIEL BRENNAN (hereinafter collectively referred to as "the Plaintiffs" or "the insureds") that seeks a declaration that James River does not owe coverage the insureds for the lawsuit styled *Katarina Van Derham, et al. v. Bullseye Restaurant, Inc. d/b/a The Scene, and Daniel Brennan*, bearing Case No. 16-cv-00490, and pending before the United States District Court for the Eastern District of New York (the "Underlying Action").

*The Policy*

2. James River issued a Liquor Liability and Commercial General Liability Policy to "Bullseye Restaurant, Inc. dba The Scene," Policy Number 00067929-0, initially effective 8/3/2015 to 8/3/2016 (hereinafter "the Policy"). The Policy's Liquor Liability form has limits of $500,000.00 per common cause, and $1,000,000.00 in the aggregate; while the Commercial General Liability form has limits of insurance of $500,000.00 per occurrence (bodily injury or property damage), $500,000.00 per person/organization (personal and advertising injury), and $1,000,000.00 in the aggregate. The Policy identifies "70 Vanderbilt Motor Pkwy, Commack, NY 11725" as the only premises owned, rented, or occupied by the insured. The business of the insured is described as "[g]entleman's club." A certified copy of the Policy is annexed hereto as **Exhibit "A."**

3. On August 18, 2015, James River received notice from IFPS Corporation that Bullseye had financed its premium payments. A copy of the Notice of Financed Premiums is annexed hereto as **Exhibit "B."**

4. Due to non-payment of premiums, the policy was cancelled effective October 1, 2015. A copy of the Notice of Cancellation was sent to the insured on September 28, 2015, and is annexed hereto as **Exhibit "C."** The Policy was updated to reflect the cancellation. (See, **Ex. A**, JRIC 67). The policy period, therefore, is from 8/3/2015 to 10/1/2015.

5. Under the terms of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG 00 01 12 07)**, the Policy provides coverage, provide all terms and conditions are satisfied or no exclusions apply, under the following circumstances:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

2

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

….

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(**Ex. A**, JRIC 7, 12).

   6.   The Commercial General Liability Form further contains the following pertinent exclusion, which provides that the Policy does not apply to:

   **c. Material Published Prior To Policy Period**

   "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

(**Ex. A**, JRIC 12).

   7.   The Commercial General Liability Form further contains the following pertinent Conditions:

   **SECTION IV – CONDITIONS**
   ….
   **2. Duties In The Event Of Occurrence, Offense, Claim, Or Suit**

     **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

     **(1)** How, when and where the "occurrence" or offense took place;

     **(2)** The names and addresses of any injured persons and witnesses; and

     **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

     **b.** If a claim is made or "suit" is brought against any insured, you must:

     **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

4

    **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

* * *

(**Ex. A**, JRIC 16-17).

    8.    The Commercial General Liability Form further contains the following pertinent Definitions:

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

  **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

  **b.** Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

….

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

…

  **c.** All other parts of the world if the injury or damages arises out of:

…

> **(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication
>
> ….
>
> **6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.
>
> ….
>
> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> ....
>
> **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> ….
>
> **17.** "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.
>
> * * *

(**Ex. A**, JRIC 18-21).

9. The Policy contains the endorsement **RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION (CG 00 68 05 09)**, which states, in part, the following:

6

**B.** Exclusion **p.** of Paragraph **2. Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \*

(**Ex. A**, JRIC 45).

10. The Policy contains the endorsement **COMBINED POLICY EXCLUSIONS (AP2029US 12-10)**, which states, in part, the following:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

The following exclusions are added to this policy:
….
**CLAIM(S) IN PROGRESS EXCLUSION**

7

    a. This policy does not apply to "bodily injury", "personal and advertising injury" or "property damage" which begins or takes place before the inception date of coverage, whether such "bodily injury", "personal and advertising injury" or "property damage" is known to an insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury", "personal and advertising injury" or "property damage" may be or may involve a continuous or repeated exposure to substantially the same general harm.

* * *

(**Ex. A**, JRIC 51).

    11.    The Policy contains the endorsement the **FIDUCIARY EXCLUSION (GC2131US 04-03)**, which states:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

This policy does not apply to any claim arising out of the:

1. Coercion, conversion or misappropriation of others' funds or property;

2. Any dishonest, fraudulent, criminal, malicious acts or omissions of the insured, partner or employee or any person for whom you are legally responsible; or

3. Any activities or operations performed in the capacity of a fiduciary.

* * *

(**Ex. A**, 59).

    12.    The Policy contains the endorsement the **NEW YORK AMENDATORY ENDORSEMENT—NOTICE PROVISIONS (AP5036US 01-09)**, which states:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

With respect to Policies delivered in New York State, the following provisions are added to this Policy:

8

    **A.** Failure to give notice to us as required under this Policy shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us. However, no claim made by the insured, injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter.

    **B.** With respect to "bodily injury" claims, provided that "bodily injury" is covered by this Policy, if we deny coverage or do not admit liability because an insured or the injured person, someone acting for the injured person or other claimant fails to give us written notice as soon as practicable, then the injured person, someone acting for the injured person or other claimant may bring an action against us, provided the sole question is whether the denial of coverage or nonadmission of liability is based on the failure to provide timely notice.

        However, the injured person, someone acting for the injured person or other claimant may not bring an action if within 60 days after we deny coverage or do not admit liability, we or an insured:

        **(1)** Brings an action to declare the rights of the parties under the policy; and

        **(2)** Names the injured person, someone acting for the injured person or other claimant as a party to the action.

* * *

(**Ex. A**, JRIC 65).

<strong>The Underlying Action and Claim History</strong>

    13.    By correspondence dated November 1, 2016, which was received by James River on November 7, 2016, attorneys for the insured provided notice of the Underlying Action. A copy of the notice letter is attached here as **Exhibit "D."** Please note, a copy of the summons and complaint in the Underlying Action was attached to the notice letter, but is not reproduced here as it contains notes and markings made by counsel for the insured that are subject to attorney-client privilege. A clean copy of the summons and complaint is attached here as

**Exhibit "E."** The Underlying Action was filed and the summons was issued by the court on February 1, 2016.

  14. The plaintiffs in the Underlying Action alleged that they are models, and that the insureds misappropriated or converted their images without their permission and without compensation as part of internet advertisements to create the false impression that the plaintiffs worked at or endorsed the gentleman's club owned or operated by Bullseye and Brennan. (**Ex. E**). The plaintiffs attached the following promotions alleged to have violated their rights:

> (A) Facebook post for "The Scene" allegedly depicting Plaintiff Katarina Van Derham, published on December 1-17, 2015; (B) Facebook post allegedly featuring Plaintiff Cielo Jean Gibson, published on December 14, 2015; (C) Facebook post allegedly featuring Plaintiff Gabby Jean Saucedo, published on October 19, 2015; (D) image allegedly featuring Plaintiff Mariana Davalos, published on The Scene's webpage, undated, and on its Facebook page, published on September 9, 12, 13, and 14, 2015; and (E) Facebook post allegedly featuring Plaintiff Chantel Zales, published on October 7, 2015.

 (**Ex. E**). Based on the same allegations, the plaintiffs in the Underlying Action asserted the following causes of action:

> (1) False Endorsement under § 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1); (2) Invasion of Privacy under N.Y. Civ. Rts. Law §§ 50-51; (3) Deceptive Trade Practices under N.Y. Gen. Bus. L. § 349; (4) Defamation and Defamation *Per Se*; (5) Negligence and Respondeat Superior; (6) Conversion; (7) Unjust Enrichment; and (8) *Quantum Meruit*.

(**Ex. E**).

10

15. By correspondence dated November 8, 2016, James River acknowledged receipt of the claim and requested any additional information while reserving the right to provide a formal coverage position in the near future. A copy of this correspondence is annexed hereto as **Exhibit "F."**

16. Upon further investigation, James River discovered that the insureds sued third-parties who allegedly undertook all advertising efforts on behalf of the insured. A copy of the insureds Third-Amended Third-Party Complaint is attached here as **Exhibit "G."**

17. By correspondence dated December 7, 2016, James River disclaimed coverage for the Underlying Action. A copy of the Disclaimer is attached hereto as **Exhibit "H."** James River denied coverage under both the Commercial General Liability coverage part, and the Liquor Liability coverage part. As only the denial under the Commercial General Liability coverage part is at issue in this litigation, only those grounds will be discussed. Similarly, although James River denied coverage under the Coverage A part of the Commercial General Liability on the basis that the complaint does not allege "bodily injury" or "property damage," the only issue in this litigation is whether coverage was triggered under the Coverage B part of the Commercial General Liability coverage part, which applies to "personal and advertising injury."

18. In pertinent part, James River denied coverage for any advertisements published before or after the effective dates of the Policy, which, as discussed above, were August 3, 2015 through October 1, 2015. James River further reserved the right to deny coverage to the extent it had suffered prejudice from the insureds' late notice of the claim and Underlying Action. Based on the allegations of the pleadings, James River further denied coverage based on the "Recording

11

and Distribution of Material or Information in Violation of Law Exclusion" and "Fiduciary Exclusion." (See, supra; **Ex. A**; **Ex. H**).

19. James River further reserved the right to deny coverage to the extent the insureds had knowledge or intent to violate the rights of another or publish false information contrary to their denials of such knowledge or intent as made in the Third-Amended Third-Party Complaint. (**Exs. G and H**). James River does not seek a declaration as to these grounds in this motion, but reserves the right to seek judgment at trial in this matter or in the future should new facts be introduced in the course of the Underlying Action.

20. On May 18, 2017, the insureds filed a summons and complaint seeking a declaration that they were entitled to coverage under the Policy for the "personal and advertising injury" alleged by the plaintiffs in the Underlying Action. A copy of the summons and complaint, without the attached exhibits to avoid duplication with exhibits annexed to this motion, is annexed as **Exhibit "I"** to the Declaration of Christopher J. Soverow.

21. For the reasons set forth above and discussed in detail in the accompanying Declaration of Christopher J. Soverow, and Memorandum of Law prepared by James River's counsel, I respectfully request that this Court grant James River's motion for summary judgment and issue an Order: (a) declaring that James River has no duty to defend Bullseye, Brennan, or any party with respect to the claims in the Underlying Action; (b) declaring that James River has no duty to indemnify Bullseye, Brennan, or any party with respect to any potential judgment that may be awarded in the Underlying Action; (c) awarding James River the costs of suit incurred herein, including reasonable attorneys' fees; and (d) awarding James River such other and further relief as this Court deems just and proper.

Dated: November 19, 2018
Richmond, VA

JAMES RIVER INSURANCE COMPANY

By: Greg Hawbaker
Claims Specialist
James River Insurance Company
P.O. Box 27648
Richmond, VA 23261-7648

Sworn to before me this
19 day of November, 2018

_____
NOTARY PUBLIC
Reg # 350877

[Notary Seal: REBECCA HART BENNETT, NOTARY PUBLIC, REG # 350877, MY COMMISSION EXPIRES 1/31/2022, COMMONWEALTH OF VIRGINIA]

13